Case 4:25-cv-02994   Document 6   Filed on 10/07/25 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
October 07, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHAILESH KUMAR PATEL, *Plaintiff,* § § § § | |
| v. § | Case No. 4:25-cv-2994 |
| § § § § | |
| UR M. JADDOU, *Defendant.* | |

## JUDGE PALERMO'S
## REPORT AND RECOMMENDATION

This is an immigration case that pro se Plaintiff filed on June 27, 2025. ECF No. 1. Because Plaintiff failed to serve Defendants within ninety days of filing his complaint, this case should be dismissed without prejudice.[1]

Federal Rule of Civil Procedure 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). While Plaintiff may proceed *pro se*, he must still comply with the applicable rules of

---

[1] Federal Rule of Civil Procedure 41(b) provides that if "the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." *Castillo v. Becka*, No. 2:21-CV-00162, 2022 WL 5264612, at *2 (S.D. Tex. Aug. 31, 2022), *adopted*, No. 2:21-CV-00162, 2022 WL 5264650 (S.D. Tex. Oct. 6, 2022) (quoting Fed. R. Civ. P. 41(b). Pursuant to this rule, the Court "has the inherent authority to dismiss an action *sua sponte* for failure to prosecute, with or without notice to the parties," which flows from the Court's "inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (quoting *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (*per curiam*); *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962))).

1

procedure. See *Silva v. Melendez*, No. 7:21-CV-00001, 2021 WL 12241557, at *1 (S.D. Tex. Jan. 8, 2021). "The right of self-representation does not exempt a party from compliance with relevant rules of procedure and substantive law." *Id.* (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Pursuant to Rule 4(c), Plaintiff is responsible for serving the summons and complaint on Defendants. *See id.* (citing Fed. R. Civ. P. 4(c)).

After initiating suit and filing his complaint on June 27, 2025, ECF No. 1, Plaintiff was required to serve Defendants within ninety days, which mean on or before September 25, 2025. When that deadline passed, the Court cautioned Plaintiff that failure to provide proof of service on Defendant by October 6, 2025 may result in dismissal of the case. Order, ECF No. 5. Despite this warning, the record reflects that no process has been requested, and Plaintiff has not attempted service. Dismissal is appropriate under Rule 4(m). Therefore, the Court recommends that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**.

The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).

Signed at Houston, Texas, on October 7, 2025.

*Dena Palermo*
_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**